IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---

ARTHUR DARBY,

                Petitioner,

-vs-

UNITED STATES OF AMERICA,

                Respondent.

---

CASE NO. 1:10CR00432
        1:13CV02410

MEMORANDUM OF OPINION AND
ORDER DENYING THE PETITIONER'S
MOTION TO VACATE

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Before the Court is petitioner Arthur Darby's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, the motion is denied.

I.

On 23 March 2012, United States Magistrate Judge Kenneth S. McHargh heard, with consent of the parties, the petitioner Arthur Darby's plea of guilty to violations of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 846 – Conspiracy to possess with intent to Distribute and Distribution of Cocaine and Cocaine Base. (Doc. 474). On 1 May 2012, this Court accepted the plea agreement and judgment, as recommended by the magistrate judge. (Doc. 496).

At sentencing, Mr. Darby was determined to be a career offender, based on

three prior controlled substance offenses. After accounting for a 5K1.1 departure, the Court determined that Mr. Darby had an offense level of 29 with a criminal history category of VI, which resulted in a guideline range of 151 to 188 months. (Doc. 686, at 63). The Court sentenced Mr. Darby to 170 months incarceration to run consecutive to his sentence in Richland County Common Pleas Court Case No. 2010 CR 0554. (Doc. 594).

Mr. Darby now argues that his designation as a career offender was contrary to law and that his sentence should be vacated pursuant to 28 U.S.C. § 2255.

II.

Pursuant to 28 U.S.C. § 2255(b),

> If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255(b). To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. Brecht v. Abrahamson, 507 U.S. 619, 637-638 (1993). To prevail on a § 2255 motion alleging non-constitutional error, the petitioner must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (citing Hill v. United States, 368 U.S. 424, 428 (1962)). It is well-settled "that to obtain collateral

2

review relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982)).

If the record includes a factual dispute, the district court "must hold a hearing to determine the truth of the [petitioner's] claims." Turner v. United States, 183 F.3d 474, 477 (6th Cir.1999). Petitioner is not entitled to a hearing, however, "if the files and records of the case conclusively show that he is not entitled to relief." Green v. United States, 65 F.3d 546, 548 (6th Cir.1995).

III.

Because the facts are not in dispute in relation to Mr. Darby's claims, a hearing is not required in this instance. Further, upon review of the record, the Court concludes that none of Mr. Darby's claims entitle him to relief. While his petition raises four grounds for relief, the overall gist of Mr. Darby's petition is that the Court improperly predicated his career offender status on a prior state conviction for Aggravated Trafficking under Ohio Revised Code § 2925.03(A), in Richland County Case No. 92CR455 ("the Richland County case").

Under the Sentencing Guidelines, "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. 4B1.1.

In this instance, Mr. Darby does not dispute that the first two elements are satisfied, but he argues that his conviction in the Richland County case does not

3

amount to a "controlled substance offense." The Court disagrees. The Sixth Circuit has held that under a categorical approach a prior drug trafficking conviction under Ohio Revised Code § 2925.03(A) qualifies as a predicate controlled substance offense. See Gibbs v. United States, 3 F. App'x 404, 406 (6th Cir. 2001). Further, even if the Court were to accept Mr. Darby's argument that this prior conviction did not qualify as a predicate offense, he would still be a career offender. Under the Guidelines, a career offender has "at least *two* prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. 4B1.1 (emphasis added). In Mr. Darby's case, he had three predicate offenses. Therefore, eliminating the one now being challenged would not affect his career offender status.

## VI.

For the reasons stated above, the petitioner's motion to vacate is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith, and that no basis exists upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b).

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE

Date: 17 June 2015

4