# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | **CASE NO. 1:10-cr-00432** |
| | ) | |
| **v.** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **ARTHUR L. DARBY,** | ) | |
| | ) | |
| **Defendant.** | ) | **OPINION AND ORDER** |
| | ) | |

**MEMORANDUM**

Before the Court is Defendant Arthur L. Darby's Supplement to his Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) for Immediate Compassionate Release, **Doc. # 939**. For the foregoing reasons, Defendant Darby's motion is **GRANTED**.

## I.    Background

On May 1, 2012, pursuant to a plea agreement, Mr. Darby pled guilty to one count of conspiracy to distribute cocaine. Doc. # 497. On November 21, 2012, the Court sentenced Mr. Darby to 170 months in prison to run consecutively with his state sentence and six (6) years of supervised release.[1] Doc. # 594. The court found that Mr. Darby was a career offender and enhanced Mr. Darby's sentence under USSG § 4B1. Mr. Darby is currently held at FCI Gilmer, with an anticipated release date of September 8, 2030.[2] He has served approximately 8 years and 16 months of his sentence to date.

---

[1] Judge Lesley B. Wells was initial assigned to this case and was the sentencing judge. See Doc. # 594. Pursuant to General Order 2015-12, I was randomly assigned to this case on October 7, 2015. See October 7, 2015 non-document Order.

[2] Find an Inmate, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited June 16, 2021).

On April 27, 2020, Mr. Darby submitted a request for compassionate release to the warden at FCI Gilmer which the warden denied on May 12, 2020. Doc. # 944 at 5. On February 17, 2021, Mr. Darby submitted a motion for compassionate release due to his risk of severe illness if he contracted COVID-19. Doc. # 931. The Court denied Mr. Darby's motion because he failed to provide information as to whether he satisfied the mandatory exhaustion requirement. Doc. # 934. On March 18, 2021, Mr. Darby filed a motion for reconsideration requesting counsel to be appointed. Doc. # 935. The Court appointed counsel on March 19, 2021. Mr. Darby submitted a supplement to his motion on May 7, 2021. Doc. # 939. The Government filed a response in opposition to Mr. Darby's motion on June 8, 2021. Doc. # 944. Mr. Darby filed his reply on June 14, 2021. Doc. # 945.

## II.    Discussion[3]

For a court to grant a sentence reduction under § 3582(c)(1)(A), two requirements must be met when the defendant is younger than 70 years old.  First, a court must find "extraordinary and compelling reasons warrant such a reduction." § 3582(c)(1)(A)(i); *see also United States v. Jones*, No. 20-3701, 2020 U.S. App. LEXIS 36620, at *19 (6th Cir. Nov. 20, 2020). Second, a court must deem the reduction appropriate upon consideration of the sentencing factors in 18 U.S.C. § 3553(a). *Id*. The Court finds that Mr. Darby meets these requirements.

### A.  Extraordinary and Compelling Reasons

Mr. Darby is 66 years old[4] and has served approximately 8 years and 16 months of his 170-month sentence. Doc. # 939. Mr. Darby's initial motion for compassionate release failed to provide

---

[3] Before filing a motion for compassionate release, a defendant must satisfy 18 U.S.C. §3582(c)(1)(A)(i)'s exhaustion requirement. There is no dispute that Mr. Darby fully exhausted all administrative remedies before filing his Motion with the Court.

[4] The CDC has found that "[o]lder adults are more likely to get severely ill from COVID- 1" and "more than 80% of COVID-19 deaths occur in people over age 65." See Centers for Disease Control & Prevention, COVID-19, People with Certain Medical Conditions (updated Apr. 29, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. "

information about his medical conditions. However, Mr. Darby's supplement to his initial motion provides sufficient details of his medical conditions. Doc. # 939-1 and 2.

The Center for Disease Control and Prevention ("CDC") has created a non-exhaustive list of COVID-19 risk factors on its website, which outlines risk factors that can make you "more likely to get severely ill from COVID-19.".[5] Mr. Darby has hypertension, high cholesterol, asthma, prediabetes, degenerative disc disease, obesity, and had kidney cancer resulting in his kidney being removed in 2018. Doc. # 939. Mr. Darby is now in remission. *Id.* The CDC has determined that having moderate-to-severe asthma, hypertension, or diabetes or being overweight or obese all increase a person's likelihood of severe illness if diagnosed with COVID-19, and a history of cancer can increase this risk as well.[6]

The Court acknowledges that Mr. Darby is vaccinated so he is at a reduced risk of contracting a serious form of COVID-19 but being vaccinated does not automatically preclude a defendant from demonstrating "extraordinary and compelling reasons" justifying a sentence modification. *See United States v. Sweet*, No. 07-20369, 2021 U.S. Dist. LEXIS 69177, at *6-8 (E.D. Mich. Apr. 9, 2021) (reasoning that "[a]lthough the Court agrees with the government that recovering from COVID-19 and being fully vaccinated decreases one's likelihood of severe COVID symptoms, recent data reveals that the threat of severe illness or death from COVID-19, while diminished, is nevertheless real" and citing a news article reporting on initial statewide health data suggesting 246 vaccinated persons contracted COVID-19 and three of those persons died.). Notably, while the vaccination numbers at FCI Gilmer shows that the facility is making

---

[5] *Id*. (last visited June 16, 2021).
[6] *Id.*

strives to combat the virus, there are roughly 491 inmates who are still not vaccinated.[7]

Accordingly, the Court finds that Mr. Darby's health conditions, combined with his advanced age, are enough to demonstrate extraordinary and compelling reasons for a sentence reduction. *See United States*, 2020 U.S. App. LEXIS 36620, at *19 (finding that district courts have full discretion to decide when "extraordinary and compelling reasons" justify sentence modification as long as the Sentencing Commission has not updated § 1B1.13 to reflect the First Step Act).

### B. 18 U.S.C. § 3553(a) Factors

The Court, in sentencing an individual, must hand down a term that is "sufficient, but not greater than necessary, to comply with the purposes" of incarceration. 18 U.S.C. § 3553(a). These purposes also bear strongly on whether a court can modify a sentence after the fact. Among the factors the Court weighs are the nature and circumstance of the offense, the defendant's history and characteristics, and the need to promote respect for the law. 18 U.S.C. § 3553(a)(1) and (2). Another element that a court can consider is the length of the original sentence and the proportion of that sentence served. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020); *see also United States v. Relliford*, 2021 U.S. App. LEXIS 5188, at *3 (6th Cir. Feb. 22, 2021) ("[T]he length of time remaining on [Defendant]'s sentence . . . is relevant to several of the § 3553(a) factors.").

The Government contends that the 3553(a) factors does not weigh in Mr. Darby's favor in large part because of his criminal record. *See* Doc. 944 at 27-28. However, while it is true Mr. Darby has a lengthy criminal record, this argument is undercut by the disparity between Mr.

---

[7] *See* COVID-19 Vaccine Implementation, BOP, https://www.bop.gov/coronavirus/ (last visited June 11, 2021) compared with FCI Gilmer population, BOP, https://www.bop.gov/locations/institutions/gil/ (last visited June 17, 2021).

Darby's current sentence, based on his classification as a "career offender," and what his sentence would be today under the Sixth Circuit's clarification of sentencing guidelines. It is well established that courts can consider non-retroactive changes in sentencing law when balancing the Section 3553(a) factors after finding that other factors establish eligibility. *See United States v. Jarvis, No. 20-3912, 2021 U.S. App. LEXIS 16596, at \*8-9 (6th Cir. June 3, 2021)*. The Court finds that Mr. Darby's sentence in comparison to what it would have been if he was sentenced under today's law is persuasive and weighs in Mr. Darby's favor.[8] Mr. Darby received an enhanced sentencing guideline of 151 to 188 months when he was found to be a career criminal. Doc. # 939. However, after Mr. Darby was sentenced, the Sixth Circuit has held that "conspiracy to distribute controlled substances is not a 'controlled substances offense' under USSG § 4B1.2(b)." *United States v. Cordero*, 973 F.3d 603, 626 (6th Cir. 2020); *see United States v. Havis*, 927 F.3d 382, 387 (6th Cir. 2019) (holding that the clear language of the USSG § 4B1.2(b) does not include attempt crimes in its definition of "controlled substance offense"). For a defendant to be properly classified as a career offender under § 4B1.2, the government must show that "the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense." *Cordero*, 973 F.3d at 625.

Today, it is undisputed that under the Sixth Circuit's current interpretation, Mr. Darby would not be a career criminal and his sentencing guideline would be between 24-30 months. This reflects a base offense level of 10 (after reductions for substantial assistance, acceptance of responsibility, and applying the Guidelines Amendment 782) that he would receive if sentenced today rather than the enhanced base level he received – 29 after reductions – when he was initially sentenced. Doc. # 939. Today, Mr. Darby has already served approximately 8 years and 16 months

---

[8] The government concedes that a federal drug-trafficking conspiracy no longer constitutes a Guidelines controlled-substance offense. See Doc. # 944 at 24.

of his sentence to date, well over the 24-30 month sentence he would probably receive under current sentencing guidelines. With this in mind, the Court finds that the over eight (8) years (more than 63% of his original sentence) Mr. Darby already served in prison is adequate to achieve the original sentence's purpose in terms of reflecting the seriousness of the offense, promoting respect for law, providing just punishment, and providing a deterrent effect. *See* 18 U.S.C. § 3553(a)(2); *see also United States v. Kontrol*, 554 F.3d 1089, 1093 (6th Cir. 2009) (district courts have "broad discretion to determine what sentence will serve [§ 3553(a)'s] statutory objectives"); *see also United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) (noting that several § 3553(a) factors "permit the court to consider the amount of time served in determining whether a sentence modification is appropriate").

Moreover, the Court credits Mr. Darby's rehabilitation efforts and release plan. While in state and federal custody, Mr. Darby has seized multiple opportunities to earn certifications in classes and programs, including anger management, money management, and drug education – all of which shows that Mr. Darby has been preparing for a productive life and career following his release from prison. He works in food service and has maintained clear conduct, demonstrating a positive change in character. *See* Doc. 939 at 2. If released, Mr. Darby plans to live with his daughter in Columbus, Ohio, draw widower social security benefits, register to work for an agency in warehouse inventory or assembly, and babysit his great-grandson. Upon careful review, the Court finds that a reduction in Mr. Darby's sentence will not undo the punishment Mr. Darby has already been subjected to, nor will it eradicate the effects of his original sentence. Accordingly, the Court finds the § 3553(a) factors favor the release of Mr. Darby.

## III.    Conclusion

For the above reasons, Defendant Arthur L. Darby's Motion for Compassionate Release

(Doc. # 939) is hereby **GRANTED**. The Court hereby reduces Mr. Darby's sentence to time served. Mr. Darby's term of supervised release remains at six (6) years, subject to the terms imposed at sentencing. At the discretion of FCI Gilmer, in accordance with the CDC's protocol for vaccinated individuals, Mr. Darby shall immediately undergo medical clearance to ensure that he is not experiencing any COVID-19 symptoms prior to his release. If Mr. Darby is experiencing COVID-19 symptoms, Mr. Darby shall quarantine for ten (10) additional days at the discretion of the BOP prior to his release.

For the above reasons, Darby's Motion, **Doc #: 939**, is **GRANTED**.

**IT IS SO ORDERED.**

_/s/ Dan Aaron Polster June 17, 2021_
**Dan Aaron Polster**
**United States District Judge**